NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHINEDU IBRAHIM ALI,<br><br>   Plaintiff,<br><br>v.<br><br>CITY OF NEWARK,<br><br>   Defendant. | Civil Action No.: 15-8374 (JLL)<br><br>**OPINION** |

**LINARES**, Chief District Judge.

This matter comes before the Court by way of Defendant City of Newark's ("City Defendant") Motion for Reconsideration of the Court's May 11, 2018 Opinion and Order denying its Motion for Summary Judgment. (ECF No. 100). Plaintiff Chinedu Ibrahim Ali has submitted Opposition, (ECF No. 107), and City Defendant submitted a reply thereto, (ECF No. 108). The Court has considered the parties' submissions and decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court denies City Defendant's motion.

## I.   BACKGROUND

The Court sets forth only those facts necessary for the current motion, as a more thorough examination of the facts was provided in the Court's May 11, 2018 Opinion. (*See* ECF No. 96 at 2–6). Plaintiff is a deaf individual who requested an American Sign Language ("ASL") interpreter for a hearing before the Newark Municipal Court ("NMC"). (*See* ECF No. 13). The hearing pertained to traffic tickets Plaintiff received. (*Id.*). Despite Plaintiff's request for an ASL interpreter, the NMC failed to provide him with same on two separate occasions. (*Id.*).

Accordingly, Plaintiff sued City Defendant, as well as the State of New Jersey and the Administrative Office of the Courts of New Jersey (collectively, "State Defendants"), asserting the following causes of action: (I) Violations of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.*; (II) Violations of Section 504 of the Rehabilitation Act ("RA"), 29 U.S.C. § 794; and (III) Violations of the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. § 10:5-1, *et seq.* (*Id.* ¶¶ 50–82).

On December 22, 2017, both City Defendant and State Defendants moved for summary judgment. (ECF Nos. 76, 77). On May 11, 2018, the Court granted summary judgment for State Defendants and denied summary judgment for City Defendant. (ECF No. 96). In its Opinion, the Court stated that a reasonable jury could find that the NMC was a "program" of City Defendant pursuant to the ADA, RA, and NJLAD, because the NMC was established, funded, maintained, and directed by City Defendant. (*Id.* at 11). The May 11, 2018 Opinion reasoned that the NMC could not be a "program" of the State Defendants, in part because the NMC judges and personnel were employed by City Defendant, and the NMC's interpreter services are an "administrative, county function." (*Id.* at 9). Furthermore, the Court found that there was, at the very least, a material dispute of fact as to whether Plaintiff was denied access to the court by City Defendant's repeated failure to provide him with an ASL interpreter. (*Id.* at 11). Finally, the Court found that Plaintiff sufficiently alleged deliberate indifference so that a reasonable jury could award him damages. (*Id.* at 12). City Defendant subsequently filed the current motion, which the Court interprets as a motion for reconsideration.[1]

---

[1] With respect to City Defendant's request for clarification and summary judgment, the Court will deny said request. There is no relief for "clarification," and, as the Court will discuss below, its May 11, 2018 Opinion was clear as written. Furthermore, City Defendant had every opportunity in litigating the underlying motion to raise the argument that it is entitled to sovereign immunity or any other form of immunity. City Defendant is not entitled to a "second bite of the apple" by re-requesting summary judgment. *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995). Therefore, the Court will only consider City Defendant's motion as it is relevant to a request for reconsideration.

## II. **LEGAL STANDARD**

Local Civil Rule 7.1(i) governs motions for reconsideration in this District. It requires a movant to set forth "the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L.Civ.R. 7.1(i). To prevail on a motion for reconsideration, the movant must show at least one of the following: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or to prevent manifest injustice." *Wiest v. Lynch*, 710 F.3d 121, 128 (3d Cir. 2013) (quoting *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)).

The third prong requires "dispositive factual matters or controlling decisions of law" that were "brought to the court's attention but not considered." *Mason v. Sebelius*, Civil No. 11-2370, 2012 U.S. Dist. LEXIS 106522, at *5 (D.N.J. July 31, 2012) (quoting *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001)). A motion for reconsideration cannot be used merely to relitigate old matters or to present evidence that was already available to the Court during its initial consideration. *NL Indus., Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996) (citing Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2810.1). Furthermore, "[t]he fact that an issue was not explicitly mentioned by the court does not on its own entail that the court overlooked the matter in its initial consideration." *Morton v. Fauver*, Civil No. 97-5127, 2011 U.S. Dist. LEXIS 85805, at *19 (D.N.J. July 21, 2011) (citing *Ashton v. AT&T Corp.*, Civil No. 03-3158, 2006 U.S. Dist. LEXIS 4787, at *4–5 (D.N.J. Feb. 2, 2006)).

In other words, reconsideration is not warranted where "(1) the movant simply repeats the cases and arguments previously analyzed by the court; or (2) the movant has filed the motion

merely to disagree with or relitigate the court's initial decision." *CPS MedManagement LLC v. Bergen Reg'l Med. Ctr., L.P.*, 940 F. Supp. 2d 141, 167–68 (D.N.J. 2013) (internal citations and quotations omitted). A motion for reconsideration is generally futile "[u]nless a court has truly failed to consider pertinent authorities or evidence that could not with reasonable diligence have been presented earlier." *Id.* at 168.

### III. ANALYSIS

In the present case, City Defendant does not argue that there was any intervening change in law or new evidence. (*See* ECF No. 100-3). Rather, City Defendant claims that the Court overlooked two arguments that City Defendant initially raised in its underlying Motion for Summary Judgment. (*Id.* at 2). The first argument City Defendant claims the Court overlooked is that Plaintiff is not entitled to emotional distress damages based on the humiliation and frustration he suffered by being denied an ASL interpreter.[2] (*Id.* at 3–5). The second argument City Defendant claims the Court overlooked is that Plaintiff failed to mitigate his emotional distress, which he could have done by ordering a transcript or writing a letter to the NMC to clarify any misunderstandings that occurred at the hearings due to the absence of an ASL interpreter. (*Id.* at 5–6).

Contrary to City Defendant's arguments, the May 11, 2018 Opinion specifically analyzed whether Plaintiff is entitled to the compensatory relief he is seeking in the Amended Complaint, which included his claims for emotional distress damages. (ECF No. 96 at 12). Though the Court did not differentiate between the various forms of compensatory relief sought by Plaintiff, it explained in its May 11, 2018 Opinion that damages can be awarded under Title II of the ADA

---

[2] City Defendant's argument does not take account of all the facts in the record, as Plaintiff's claims of emotional distress were not limited to humiliation and frustration, but rather included a range of emotions such as fear and anxiety. (ECF No. 13 ¶ 46).

4

when a defendant acted with deliberate indifference. (*Id.*). In its May 11, 2018 Opinion, the Court made clear that there are sufficient facts that, if accepted as true, a reasonable jury would allow Plaintiff to recover compensatory relief under the two-prong deliberate indifference test adopted by the Third Circuit. (*Id.*). Because Plaintiff's claims authorize an award of damages upon a showing of deliberate indifference, and inasmuch as the Court has already found that Plaintiff presented sufficient evidence to support said claims, the Court concludes that its May 11, 2018 Opinion adequately considered Plaintiff's emotional distress damages.

Also, for the first time, City Defendant argues that it is entitled to sovereign immunity under the Eleventh Amendment, because this Court found in its May 11, 2018 Opinion that City Defendant and the NMC are "one entity."[3] (ECF No. 100-3 at 7–10). In making this argument, City Defendant relies on the conclusion that the NMC is an arm of the state and is entitled to sovereign immunity. (*Id.*). However, the May 11, 2018 Opinion specifically found that the NMC was not a program of the State Defendants.[4] (ECF No. 96 at 9). Moreover, even if the NMC was generally entitled to sovereign immunity, said immunity would not apply in this case, based on the Court's conclusion that the NMC's ASL interpreter services are a "county" and "administrative" function, (*id.*), which is not covered by the Eleventh Amendment. *See Chisholm v. McManimon*, 275 F.3d 315, 324 (3d Cir. 2001); *see also Harvard v. State*, 2016 N.J. Super. Unpub. LEXIS 1559, at *40 (Law Div. June 29, 2016) ("The holding in *Chisholm* stemmed from the fact that . . . interpreter services are an administrative, county function"). Therefore, the Court rejects City

---

[3] City Defendant's argument that it and the NMC are "one entity" mischaracterizes the Court's May 11, 2018 Opinion. The Court did not conclude that City Defendant and the NMC are "one entity," but rather that there where sufficient facts for a reasonable jury to find that the NMC and its interpreter services were "programs" of City Defendant for purposes of the ADA, RA, and NJLAD. (ECF No. 96 at 11).
[4] It is worth noting that State Defendants did not argue that they are immune under the Eleventh Amendment in the underlying summary judgment motions. (ECF No. 96 at 8).

5

Defendant's argument that the May 11, 2018 Opinion's findings entitles City Defendant to immunity under the Eleventh Amendment.

As this analysis shows, the Court did not overlook any of City Defendant's arguments in its May 11, 2018 Opinion. In fact, the evidence relied on by City Defendant was previously available to, and considered by, the Court. For example, City Defendant initially raised its first and second arguments in its moving brief in support of its Motion for Summary Judgment. (ECF No. 100-3 at 2 (conceding same)). As for City Defendant's final argument, the May 11, 2018 Opinion cited to case law holding that interpretive services were an administrative function of the county and were not entitled to sovereign immunity. (ECF No. 96 at 9). To the extent that the Court did not specifically mention City Defendant's arguments, said fact "does not on its own entail that the court overlooked the matter in its initial consideration." *Morton*, 2011 U.S. Dist. LEXIS 85805, at \*19) (citing *Ashton*, 2006 U.S. Dist. LEXIS 4787, at \*4–5). Rather, the Court fully considered the facts and arguments raised by City Defendant in forming its May 11, 2018 Opinion, and decided they were not sufficient to grant City Defendant's Motion for Summary Judgment in light of the other evidence in the record. (*See generally* ECF No. 96). Instead of pointing to contradictory evidence that the Court may have overlooked, City Defendant relies on its previous arguments "merely to disagree with or relitigate the court's initial decision," which is not enough to carry its burden on a motion for reconsideration. *CPS MedManagement LLC*, 940 F. Supp. 2d at 167–68. Accordingly, City Defendant's Motion for Reconsideration is denied.

## IV. CONCLUSION

For the aforementioned reasons, the Court hereby denies City Defendant's Motion for Reconsideration. An appropriate Order follows this Opinion.

Date: August 7th, 2018

JOSE L. LINARES
Chief Judge, United States District Court